# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STATE OF OREGON**, <br><br> Plaintiff, <br><br> v. <br><br> **RONALD K. STRASSER, JR.**, <br><br> Defendant. | Case No. 3:20-cr-00102-SI <br><br> **OPINION AND ORDER OF SUMMARY REMAND** <br><br> Yamhill County Circuit Court <br> Case No. 18CR44897 |

**Michael H. Simon, District Judge.**

On July 5, 2018, a state circuit court grand jury sitting in Yamhill County, Oregon returned a one-count criminal indictment against Ronald Kenneth Strasser, Jr., charging him with theft in the first degree, a felony, in violation of Or. Rev. Stat. § 164.055. ECF 1 at 13. On March 17, 2020, Mr. Strasser commenced this federal court action by filing a document that he titled "Renewed Emergency Notice of Removal and Demand for Injunction/TRO." *Id*. at 1. For the reasons that follow, the Court orders summary remand of this action to the Yamhill County Circuit Court, pursuant to 28 U.S.C. § 1455(b)(4).

Federal courts have limited subject-matter jurisdiction, and the burden of establishing jurisdiction rests on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction over the removal of state actions is limited and strictly construed.

*See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."). Further, there is no right of removal; it is a privilege granted by Congress under limited circumstances. *Maurietta v. State of Ariz.*, 395 F.2d 210, 211 (9th Cir. 1968).

Federal law allows a defendant in a state court lawsuit to remove that civil action to federal court under certain circumstances. Federal law also allows a defendant in a state court criminal prosecution to remove that matter to federal court under certain circumstances. The circumstances that permit removal, however, differ for removing a civil action, or lawsuit, and for removing a criminal prosecution. So do the respective removal procedures.

The grounds for removing civil actions are set forth in 28 U.S.C. § 1441. These grounds allow for the removal, under certain conditions, when a federal court would otherwise have original jurisdiction over that civil action based on the presence of a federal question, *see* 28 U.S.C. § 1331, or based on diversity of citizenship. *See* 28 U.S.C. § 1332. The procedures for removing a civil action are stated in 28 U.S.C. § 1446. Because Mr. Strasser is seeking to remove a state criminal prosecution, the grounds for removal of civil actions stated in § 1441 and the procedures for removal of civil actions stated in § 1446 do not apply in this case.

The grounds for removing a criminal prosecution from state court to federal court are even more limited than the grounds for removing a civil action. When federal officers or agencies are prosecuted in state court based on official actions, 28 U.S.C. § 1442 may provide grounds for removal. Similarly, when members of the United States armed forces are prosecuted in state court based on official actions, 28 U.S.C. § 1442a may provide grounds for removal. (These statutes also provide grounds for removal of similar civil actions.) Because Mr. Strasser is

neither a federal officer nor a member of the United States armed forces being prosecuted for an official act, he may not remove his state prosecution under either § 1442 or § 1442a.

Some state criminal prosecutions also may be removed if they implicate violations of a defendant's "civil rights," which has been narrowly limited by the Supreme Court to apply only to allegations of racial discrimination. Titled "Civil rights cases," 28 U.S.C. § 1443, provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

For removal under § 1443(1), a removing petitioner must satisfy a two-part test. First, the petitioner must assert rights granted by an explicit statutory enactment that protects equal *racial* civil rights; second, the petitioner must assert that the state court will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command state courts to ignore federal rights. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *see also People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). Even allegations of a denial of due process, assertions of a violation of constitutional or statutory provisions of general applicability or statutes not protecting racial discrimination, or claims that a criminal prosecution is a sham, corrupt, or without evidentiary basis do not meet the first part of this test. *Johnson*, 421 U.S. at 219. Under § 1443(1), the vindication of a defendant's federal rights is "left to the state courts except in the rare situations where it can be clearly

predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). Removal under § 1443(2) is available only for federal officers and persons assisting such officers who are prosecuted in state court based on the performance of official duties. *Peacock*, 384 U.S. at 815. Because Mr. Strasser has not shown either prong of the two-part test under § 1443(1) and does not claim to be a federal officer or a person prosecuted for assisting a federal officer under § 1443(2), he may not remove his state prosecution under § 1443. Further, there are no other bases of removal of a state criminal prosecution.

The procedures to be followed when a defendant has removed a criminal prosecution from state court to federal court are set forth in 28 U.S.C. § 1455. Section 1455(b)(4) directs the district court that receives the removal petition as follows:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1455(b)(4). As directed by Congress, this Court promptly examined the notice of removal filed by Mr. Strasser.

It is the holding of this Court that it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted. Accordingly, the Court orders summary remand of this action and directs the Clerk of the Court promptly to return this case to the Yamhill County Circuit Court for the State of Oregon.

**IT IS SO ORDERED.**

DATED this 19th day of March, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge